## PECK *vs.* YORKS and others.

Section 324 of the code applies as well to injunction orders as to other orders. The special provision made by section 225 is in addition to the powers conferred by section 324, and is not a substitute for them.

Hence, a judge of this court, or a county judge, has power, on an *ex parte* application, to vacate or modify an injunction order made by himself, without notice.

But this power is not to be used under all circumstances, without regard to the rights of parties to be affected thereby; nor should it be left to each judge to determine for himself under what circumstances he will exercise it.

A judge should never vacate or modify an injunction order, without notice, except when, from the urgency of the case, it is necessary to guard against serious loss which sometimes may be occasioned by the delay incident to serving notice.

Where the application to modify an injunction order was not made till more than a year had elapsed after service of the injunction upon the defendants, or some of them, and not till after all of them, except one, had appeared and answered, *it was held* that an *ex parte* order modifying the injunction, without notice, was improvidently granted.

APPEAL from an order made at a special term. This was a creditor's suit, brought against Anthony Yorks, the judgment debtor, Theodore D. Yorks, Zimri Cook, and others, to set aside a transfer of the property of Anthony Yorks to the other defendants, on the ground of fraud. The action was commenced in November, 1861, and an injunction order was granted on the 22d day of that month by the county judge of Livingston county. This injunction order was served on all the defendants, between the 10th day of December, 1861, and the 21st day of January, 1862, all of whom, except Cook, appeared and put in their answers. On the 29th of December, 1862, and after proceedings had been commenced by the plaintiff against Anthony Yorks and Theodore D. Yorks, for violating the injunction order, the defendants, without notice to the plaintiff, applied to the county judge for, and obtained from him, a modification of the injunction order. The plaintiff, at a special term, moved to set aside the order of modification. The special term held that it was improper for the county judge to grant the order

*ex parte,* and directed his order to be set aside, (*see* 24 *How. Pr. Rep.* 363, *S. C.*) and the defendants appealed.

*G. F. Danforth,* for the appellants.

*G. E. Ripsom,* for the respondent.

*By the Court,* JAMES C. SMITH, J.   The appellants' counsel is right in his position that section 324 of the code applies as well to injunction orders as to other orders.   The special provision made by section 225 is in addition to the powers conferred by section 324, and not a substitute for them. This was expressly held by the court in the third district, at general term, in the case of *Bruce* v. *The Delaware and Hudson Canal Company,* (8 *How. Pr. Rep.* 440,) and we concur.   It follows from this ruling that a judge of this court, or a county judge, has power, on an *ex parte* application, to vacate or modify an injunction order made by himself, without notice.

But it does not follow that such power may be used under all circumstances, without regard to the equitable rights of parties to be affected thereby, or that it should be left to each judge in the state to determine for himself under what circumstances he will exercise it.   The practice respecting it should, as far as practicable, be uniform and consistent with equity ; and to accomplish those ends it may be regulated by the court.   I assent to the opinion expressed in *Bruce* v. *The Delaware and Hudson Canal Company,* (*supra,*) that a judge should never vacate or modify an injunction order, without notice, "except when, from the urgency of the case, it is necessary to guard against serious loss, which sometimes may be occasioned by the delay incident to serving notice." This I have no doubt is the intent of the statute.

In the case under consideration nothing of the nature above stated was made to appear to the judge, and the application was not made till more than a year had elapsed after service

of the injunction upon the defendants or some of them, and not till after all of them, except Cook, had appeared and answered.

Under these circumstances, the order modifying the injunction without notice was improvidently granted, and the special term properly directed that it be set aside for that reason, and that the original injunction order be reinstated, with leave to the defendants to apply to the court, on motion, for such modification as may be just.

The order of the special term should be affirmed, with costs.

